OPINION
{¶ 1} Appellant, Christopher J. Davis, appeals from a final judgment of the Warren Municipal Court convicting him of one count of criminal damaging or endangering. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On October 18, 2002, Dennis Smith filed a complaint against appellant for criminal damaging or endangering, in violation of Warren Municipal Ordinance 541.03. The matter proceeded to a bench trial on February 3, 2003, at the conclusion of which the trial court found appellant guilty. The court then ordered appellant to serve ninety days in jail, with sixty days suspended, and fined him $100.
 {¶ 3} From this decision, appellant filed a timely notice of appeal with this court. He now submits the following assignments of error for our consideration:
 {¶ 4} "[1.] The Trial Court Judge erred in his conviction of the Defendants/Appellants [sic] as said conviction is against the weight of the evidence.
 {¶ 5} "[2.] The Trial Court Judge erred in his conviction of the Defendants/Appellants [sic] as said conviction is not based on sufficient evidence."
 {¶ 6} In his first assignment of error, appellant contends that the trial court's verdict is against the manifest weight of the evidence because the testimony presented by the city was too inconsistent to be credible. As a result, appellant submits that a reasonable trier of fact could not have found, beyond a reasonable doubt, that he was guilty.
 {¶ 7} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. Statev. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 8} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 9} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986), 22 Ohio St.3d 120,123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 WL 286594, at 3. If the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 10} Heidi Smith ("Smith") and Maggie Jeffers ("Jeffers") testified that during the afternoon of October 7, 2002, they drove to appellant's home so that Jeffers could return some personal items belonging to her former boyfriend, James D. Davis, who was also appellant's brother. When they arrived at the residence, Smith stayed inside the car while Jeffers entered the house. A short time later, Jeffers and James Davis walked outside where the two began to argue. Jeffers eventually reentered the car, and as she and Smith backed down the driveway, both appellant and his brother struck the vehicle numerous times.[1]
 {¶ 11} In response to this testimony, appellant and his brother admitted that there was an incident on the day in question and that James Davis did strike the car one time. However, they both claimed that it was in self-defense because the car lurched in his direction before exiting the driveway. The two defendants also presented evidence that appellant was on the front porch the entire time and was never in a position to damage the car.
 {¶ 12} The trial court was clearly in the best position to view the witnesses and determine their credibility. Obviously, the court ultimately believed that Smith and Jeffers were more credible than appellant and his brother, and there is nothing to suggest that their testimony was incredible or absurd. Accordingly, this court will not disturb those findings on appeal as the credibility of each witness was a critical issue for the trier of fact to determine. State v. Ready
(2001), 143 Ohio App.3d 748. Appellant's first assignment of error is not well taken.
 {¶ 13} Under his second assignment of error, appellant maintains that the city failed to produce sufficient evidence to convict him of criminal damaging or endangering. We disagree.
 {¶ 14} When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average trier of fact of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 15} To convict appellant of criminal damaging, the city was required to prove that he, without Dennis Smith's consent, knowingly caused or created a substantial risk of physical harm to his property.[2]
After reviewing the record, this court concludes that there was sufficient evidence to convict appellant.
 {¶ 16} Although there was conflicting testimony, under the plain language of the ordinance, appellant could have been found guilty of criminal damaging if the court found that he either caused actual damage or created a substantial risk of damage. The city presented evidence that appellant and his brother struck the car numerous times, causing actual damage to the property. Accordingly, appellant's second assignment of error has no merit.
 {¶ 17} Based on the foregoing analysis, appellant's two assignments of error are not well taken. The judgment of the trial court, therefore, is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Diane V. Grendell, J., concur.
[1] The city also introduced pictures of the car taken after the incident that showed a substantial amount of damage to both sides of the vehicle.
[2] Dennis Smith was Heidi Smith's father and owned the vehicle that was damaged.